UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD L. MCELRATH,

                      Petitioner,

v.

PATER MARIK,

                      Respondent.

Case No. 20-CV-540-JPS

**ORDER**

**1.    INTRODUCTION**

On April 2, 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ostensibly to claim that a state court conviction and sentence were imposed upon him in violation of the Constitution. ECF No. 1. He additionally filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 2. After screening the petition under Rule 4 of the Rules Governing Section 2254 Cases and finding it has several problems that prevent the Court from determining whether it may proceed, the Court will give Petitioner leave to amend his petition. The Court will grant Petitioner's motion for leave to proceed without prepayment of the filing fee.

**2.    FACTUAL BACKGROUND**

The Court notes at the outset that Petitioner has previously filed another § 2254 habeas petition, which was dismissed after screening. *See*

*McElrath v. Sette*, 20-CV-195-JPS (E.D. Wis. 2020), ECF No. 8.[1] The present petition was filed about three weeks after the Court dismissed the prior one.

It is not entirely clear from the face of the petition what state conviction serves as the basis for the custody Petitioner seeks to challenge through his § 2254 motion. *See* 28 U.S.C. § 2254(a) (permitting the court to entertain a petition from a person "in custody pursuant to the judgment of a State court"). Petitioner states he is incarcerated but "was never convicted of a crime," ECF No. 1 at 3, and gives a criminal case number that is not valid on either Wisconsin's Circuit Court Access or Supreme Court and Court of Appeals Access programs. A search of Petitioner's name on the Wisconsin Offender Locator does not indicate that Petitioner is currently in custody at a Wisconsin Department of Corrections facility. *See* Offender Locator, Wis. Dep't Corrections, *available at* https://appsdoc.wi.gov/lop/ (last visited December 2, 2022).

However, after searching Petitioner's name in the Wisconsin Circuit Court Access program, the Court surmises that Petitioner is challenging revocation proceedings related to a Milwaukee County Circuit Court case against him that began in 2001. In that case, Petitioner, who was 17 years old at the time, pled guilty to a felony count of first-degree sexual assault of a child in violation of Wis. Stat. 948.02(1). *See* Milwaukee County Circuit Court Case No. 2001CF005771, *available at* https://wcca.wicourts.gov (last visited December 2, 2022). For this offense, he received a sentence of ten

---

[1] Petitioner has also filed three civil complaints. The Court dismissed one as frivolous. *McElrath v. Karshen et al*, 20-CV-183-JPS (E.D. Wis. 2020), ECF No. 14. The Court dismissed the other two for Petitioner's failure to prosecute. *McElrath v. Battles et al*, 20-CV-242-JPS (E.D. Wis. 2020), ECF No. 23; *McElrath v. Klump et* al, 22-CV-362-JPS (E.D. Wis. 2022), ECF No. 6.

years of imprisonment and five years of extended supervision, both of which were imposed and stayed, and he was placed on ten years of probation. *See id.* at "Sentencing hearing" docket entry on February 25, 2002.[2]

The docket for this case further shows that on October 25, 2019, the Division of Hearings and Appeals ("DHA")—the Wisconsin administrative agency that, among other things, handles probation and supervision revocation hearings for the Wisconsin Department of Corrections—requested a competency determination by the circuit court *See id.* at docket entry dated October 25, 2019. The court ordered the competency hearing and Petitioner was subsequently adjudicated "not competent to stand trial." *See id.* at docket entries dated October 31, 2019 and March 19, 2020. Various docket entries indicate Petitioner was in custody throughout these proceedings, was at one point confined at Milwaukee Secure Detention Facility, and was later transferred to the Wisconsin Resource Center for treatment.[3] *See id.* at docket entries dated October 31, 2019, May 21, 2020, and July 6, 2020. He was then adjudicated "competent to stand trial" on September 29, 2020; the case was subsequently removed from the court's calendar. *See id.* at docket entries dated September 29, 2020 and October 2, 2020.

---

[2]In a pending case filed August 1, 2022, Petitioner has been charged with a felony violation of Wisconsin's sex offender registration requirements. *See* Milwaukee County Circuit Court Case No. 2022CF003028, *available at* https://wcca.wicourts.gov (last visited December 2, 2022).

[3]Wisconsin Resource Center is a mental health institution operated jointly by the Wisconsin Department of Corrections and Department of Health Services. *See* Adult Facilities, https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/AdultFacilities.aspx (last visited December 2, 2022).

Petitioner states that, at the time he filed his § 2254 petition, he had been confined since August 10, 2019. ECF No. 1 at 3. The petition references the DHA, which requested the competency determination in October 2019 in the Milwaukee County Circuit Court case, as the state court that purportedly entered Petitioner's judgment of conviction. *Id.* at 3.[4] These details are basically consistent with Petitioner's confinement related to the Milwaukee County Circuit Court case, as demonstrated by the docket in that matter. That is, piecing together Petitioner's allegations with the docket in this case, it appears Petitioner was taken into custody on or around August 10, 2019 pending DHA adjudication of an alleged violation of his term of supervision, and both the DHA adjudication and Petitioner's confinement pursuant thereto continued through 2019 (including competency proceedings that commenced in October 2019) and into 2020.

In light of this, the Court will proceed under the assumption that Petitioner challenges a revocation proceeding related to a term of supervision imposed for judgment of conviction in Milwaukee County Circuit Court Case No. 2001CF005771. *See Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 575 (7th Cir. 2022) (noting that "parole is a form of custody"); *see also, e.g.*, *Trepania v. Manning*, No. 21-CV-39-JDP, 2021 WL 1946397 (W.D. Wis. Apr. 27, 2021) (petitioner who was revoked on extended supervision filed petition for habeas corpus pursuant to 28 U.S.C. § 2254).

The Court summarizes Petitioner's allegations and claimed grounds for habeas relief as follows. Petitioner avers that he has been incarcerated

---

[4] Additionally, he has attached to his motion for leave to proceed without prepayment of the filing fee a hand-drawn document that mimics a Wisconsin Department of Corrections "Recommendation for Administrative Action" form, showing a date of placement into custody of August 10, 2019 and a signature date of October 1, 2019. ECF No. 2 at 3–4.

since August 10, 2019 due to (in his framing) a judgment of conviction from the DHA. *Id.* at 3 (listing DHA as the state court that entered the judgment of conviction he is challenging). He states that he was detained "without a hearing from a magistrate," "without a preliminary or revocation hearing," and "without being sentence[d]." *Id*. He states that he appealed DHA's determination to Respondent,[5] "Assistant Regional Chief Peter Marik," who ordered Petitioner's release from confinement on September 8, 2019. *Id.* at 4. Marik issued a "recommendation for administrative action [to] override the penalty schedule, stating the courts may not order confinement time as a condition of extended supervision." *Id.* at 4 (citing *State v. Larson*, 672 N.W.2d 322 (Wis. Ct. App. 2003)). Thus, Petitioner's first ground for relief in his petition is that his detention occurred without a proper hearing or hearings, contrary to Marik's subsequent order, and contrary to Wisconsin law. *Id.* at 7–8.

As a second ground for relief, Petitioner states that various magistrate judges, parole agents, and "a neuron machinist" "gave orders to staff & inmates at M.S.D.F. to attack [him]." *Id.* at 8. He then names dozens of individual officers, nurses, and other staff who allegedly witnessed this attack. *Id.* at 8–9.

3. **SCREENING THE PETITION**

---

[5]Petitioner was in the custody of the Milwaukee Secure Detention Facility at the time of the petition. It is not clear whether Marik, an administrator in the Community Corrections division of the Wisconsin Department of Corrections, is properly named as the Respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (noting the petition proceeds against the state officer having custody of the petitioner). A separate issue is that the docket lists Respondent's name as "Pater Marik." Petitioner refers to Respondent as "Peter." The Court does not address either technical flaw at this time.

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has exhausted available state remedies, avoided procedural default, and set forth cognizable and non-frivolous claims.

Here, there are several reasons that could warrant the Court's dismissal of the petition; however, in the interest of construing filings to do substantial justice, the Court will grant Petitioner leave to amend his petition to address these issues. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Fed. R. Civ. P. 8(f) and noting "[a]ll pleadings shall be so construed as to do substantial justice."). If the Court does not receive an amended petition within the time frame stated below in Section 5, this action will be dismissed without prejudice.

First, the petition may be barred for failure to satisfy § 2254's "custody" requirement. As noted above, available public records do not show that Petitioner is in custody at this time. If this is true, and Petitioner is no longer confined as a result of the Milwaukee County Circuit Court proceedings, the Court does not have jurisdiction over his case. "As a general matter, if a petitioner 'is no longer serving the sentences imposed pursuant to' the conviction challenged in the petition, he 'cannot bring a federal habeas petition directed solely at' that conviction." *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (quoting *Lackawanna Cnty. Dist. Att'y*

*v. Coss*, 532 U.S. 394, 401 (2001)) (further stating that "a habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction").

However, Petitioner *was* confined at the time he filed his petition, and it is not absolutely clear from the facts before the Court that he is not, in some capacity, still in custody. (For example, the record of Petitioner's current commitment is shielded from public view, and/or Petitioner might be challenging a civil commitment order. *See Ambrose v. Roeckeman*, 749 F.3d 615, 616 (7th Cir. 2014).) The Court will therefore give Petitioner leave to amend his petition to address—among other things—to specify whether he is currently in custody and, if so, which state court judgment, including a correct case number, serves as the basis for his custody.

Second, the petition states a cognizable claim as to at least the first ground for relief, but seeks a form of relief that is not available in a habeas posture. The first ground for relief does not clearly allege any specific constitutional defect in the process of securing Petitioner's revocation. Petitioner's claim that his confinement was contrary to Respondent's recommendation and to the Wisconsin case of *State v. Larson*, 672 N.W.2d 322, is not cognizable as grounds for habeas relief because "state-law violations provide no basis for federal habeas review." *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991). (The *Larson* case did not apply federal constitutional law, but rather interpreted a Wisconsin statute.) However, construing the petition liberally, *Erickson*, 551 U.S. at 94, if Petitioner's allegation that he was confined without a preliminary hearing and/or without a revocation hearing is true, he has stated a cognizable due process

Page 7 of 14
Case 2:20-cv-00540-JPS   Filed 12/19/22   Page 7 of 14   Document 14

challenge. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that "a probationer . . . is entitled to a preliminary and a final revocation hearing").

Petitioner's second claimed ground for relief is not cognizable on a § 2254 petition. Petitioner alleges a vague conspiracy, involving magistrate judges as well as dozens of staff of the Milwaukee Secure Detention Facility, to attack him. This allegation speaks to a condition of confinement, which generally cannot be addressed on a habeas motion. *See Williams v. Wisconsin*, 336 F.3d 576, 580–81 (7th Cir. 2003). If Petitioner elects to file an amended § 2254 petition, he may not proceed on this ground.

In any event, Petitioner does not request habeas-type relief as to either ground for relief. Rather, he wants money damages—specifically, he states he has settled with Respondent and the various other individuals he alleges conspired against him (and who he says were named as defendants in his other civil cases, *see supra* note in 1), the amount of "$900 zillion dollars," and seeks for the Court to enforce their "settlements." ECF No. 1 at 13. "[D]amages are not an available habeas remedy[.]" *Nelson v. Campbell*, 541 U.S. 637, 646 (2004). The Court finds the petition raises at least one potentially meritorious claim but does not seek available redress for this claim. Accordingly, if Petitioner files an amended complaint, he must specify what relief he seeks, keeping in mind that money damages are not available to habeas petitioners (and that the Court will not enforce unilateral "settlements").

Third, based on the Court's review of the petition, it seems that Petitioner has not exhausted his remedies in state court as to his first claimed ground for relief. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.

1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004).

In Wisconsin, "a probationer who has been accused of violating a condition of extended supervision is entitled to a hearing with the . . . Division of Hearings and Appeals before extended supervision is revoked." *Trepania*, 2021 WL 1946397, at *1 (citing Wis. Stat. § 302.113(9)(ag), (am)). "If the probationer doesn't waive his hearing and the hearing results in revocation, the probationer may appeal the revocation order to a Wisconsin circuit court within 45 days." *Id.* (citing Wis. Stat. §§ 302.113(9)(g) and 893.735(2)); *see also Britton v. Mitchell*, No. 12-CV-757-JPS, 2012 WL 3279209, at *2 (E.D. Wis. Aug. 10, 2012) (denying § 2254 petition for failure to appeal DHA determination to Wisconsin circuit court).

Contrary to Petitioner's assertion that he received no revocation hearing, the fact that DHA sought a competency determination in Milwaukee County Circuit Court case 2001CF005771 in October 2019 presupposes some sort of underlying proceeding before DHA that, once concluded, would have been appealable to the Wisconsin Circuit Court. But the docket in that case demonstrates no such appeal by Petitioner. Petitioner states only that he "appealed" DHA's "judgment" to Respondent, a DOC employee, but this alone is not enough to satisfy the exhaustion requirement.

Similarly, if it is true that Petitioner's detention occurred without a preliminary hearing, his first recourse was to challenge that supposed defect on due process grounds in the Wisconsin Circuit Court as stated above. However, the facts available to the Court show that no such challenge occurred. (The Court notes parenthetically that Petitioner was represented by counsel throughout the Milwaukee County Circuit Court competency proceedings. *See* Milwaukee County Circuit Court Case No. 2001CF005771, *available at* https://wcca.wicourts.gov (last visited December 2, 2022) (listing three attorneys who appeared for Petitioner between October 31, 2019 and October 7, 2021).) Petitioner also does not explain why he failed to appeal the supposed constitutional defects in his revocation hearing process to the circuit court, such that the Court may assess whether he had good cause for the failure. *See Powells v. Pollard*, No. 12-CV-824-JPS, 2013 WL 1878893, at *2–3 (E.D. Wis. May 3, 2013) (discussing the good cause standard).

In sum, it seems doubtful that Petitioner has satisfied the requirement to have exhausted available state court remedies as to his first claimed basis for relief. (As noted above, he may not in any event press his second claim, regarding the alleged conspiracy to attack him, in a habeas petition, so the exhaustion requirement is irrelevant as to this ground for relief.) However, in the interest of affording Petitioner a full opportunity to press his claim, the Court grants him leave to amend his petition. Petitioner is instructed that any amended petition must—in addition to responding to the prompts the Court has stated above—also specify whether he appealed his first ground for relief (which the Court has construed as a due process claim) to the Wisconsin Circuit Court or any higher Wisconsin court, or if not, why not.

4.  **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Alongside his petition, Petitioner has filed a motion for leave to proceed without prepayment of the filing fee, in which he asserts that he has no income or property. ECF No. 2. Subsequently, statements of his prisoner trust fund account were filed. ECF Nos. 3, 6, 8, 9, 11. The statements show that, although Petitioner at some points appears to have a small balance in his inmate account, he has very few resources. The Court therefore accepts that Petitioner is indigent and will grant his motion. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) (granting leave to proceed without prepayment of filing fee does not require litigant to show he is "absolutely destitute").

5.  **CONCLUSION**

As stated above, Petitioner may amend his petition to address the shortcomings the Court identified above in Section 3. To reiterate, if Petitioner files an amended petition, it must state: (1) whether he is currently in custody and, if so, which state court judgment, including a correct case number, serves as the basis for his custody; (2) what relief he seeks on his first ground for relief (a due process challenge to his confinement), keeping in mind that money damages are not available to habeas petitioners; and (3) whether he exhausted his state court remedies as to his first ground for relief, or if not, why not. Petitioner may not proceed on his second ground for relief, alleging a conspiracy among magistrate judges, correctional staff and other individuals to attack him. Should Petitioner seek to add additional grounds for habeas relief, he should specify whether he exhausted state court remedies as to each of those grounds, and if not, why not.

The Court is enclosing a copy of the § 2254 habeas corpus petition and instructions. Petitioner is advised that the amended petition must bear the docket number assigned to this case and must be labeled "Amended Petition." Any amended petition will supersede the original petition and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. Any amended petition must therefore include *all* of the allegations and claims (including those from the original petition) that he wishes to make, in a single filing without reference to other documents. If an amended petition is received, it will become the operative petition in this action, and the Court will screen it in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner must file any amended petition **within thirty (30) days of the date of this Order**. If Petitioner does not file an amended petition by this date, this action will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that the motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that, if Petitioner wishes to submit an amended petition, he must do so no later than **within thirty (30) days of the date of this Order**, and in accordance with the instructions provided herein; failure to submit an amended petition by this date will result in dismissal of this action without prejudice;

**IT IS FURTHER ORDERED** that the Clerk of Court mail Petitioner a blank "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody" form along with this Order.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.
>
> Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:
>
> > Office of the Clerk
> > United States District Court
> > Eastern District of Wisconsin
> > 362 United States Courthouse
> > 517 E. Wisconsin Avenue
> > Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to

prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.