# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD L. MCELRATH,

                          Petitioner,                Case No. 20-CV-540-JPS

v.

PETER MARIK,

                          Respondent.              **ORDER**

On April 2, 2020, Petitioner Donald McElrath ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ostensibly to claim that a state court conviction and sentence were imposed upon him in violation of the Constitution. ECF No. 1. The Court screened the petition and, finding it had several problems that prevented the Court from determining whether it could proceed, gave Petitioner leave to amend his petition within 30 days. ECF No. 14. That order further specified that failure to file an amended petition within this time frame would result in dismissal of this action without prejudice. *Id.* at 6, 12. The Court additionally included a prominent warning that the "fail[ure] to provide an updated address to the Court" resulting in "mail [being] returned . . . as undeliverable" would similarly lead to dismissal of this action without prejudice. *Id.* at 14.

The Court's screening order was mailed to Petitioner on December 19, 2022. *Id.* On December 28, 2022, that order was returned as undeliverable. ECF No. 15. During the pendency of this action, Petitioner has not notified the Court of any forwarding address. A search of Petitioner's name on the Wisconsin Offender Locator once again does not

indicate that Petitioner is currently in custody at a Wisconsin Department of Corrections facility. *See* Offender Locator, Wis. Dep't of Corrections, *available at* https://appsdoc.wi.gov/lop/ (last visited Dec. 29, 2022); *see also* ECF No. 14 at 2 (finding the same).

It is every litigant's duty to keep the Court up to date as to his address to ensure that he does not miss a filing. *See Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020). Because Petitioner has not complied with this directive, his petition will be denied without prejudice, and this action will be dismissed without prejudice due to his failure to prosecute. Civ. L.R. 41(c) (authorizing dismissal of actions when "it appears to the Court that the Plaintiff is not diligently prosecuting the action"); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

Accordingly,

**IT IS ORDERED** that Petitioner Donald McElrath's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2022.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge